UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　　)　　Criminal No. 15-10338-FDS<br>　　　　　　　　　　　　　　　　　)<br>2. JULIO ESAU AVALOS ALVARADO, )<br>　A/K/A "VIOLENTO,"　　　　　　 )<br>　　　　　　Defendant.　　　　　　 ) | |

## PRELIMINARY ORDER OF FORFEITURE

**SAYLOR, D.J.**

WHEREAS, on May 15, 2017, a federal grand jury sitting in the District of Massachusetts returned a nineteen-count Fifth Superseding Indictment, charging defendant Julio Esau Avalos Alvarado, A/K/A "Violento," (the "Defendant") with Alien in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(5)(A) (Count One), Conspiracy to Conduct Enterprise Affairs through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d) (Count Two);[1]

WHEREAS, the Fifth Superseding Indictment included a RICO Forfeiture Allegation, pursuant to 18 U.S.C. § 1963, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the Fifth Superseding Indictment, of (a) all interests the Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962, wherever located, and in whatever names held; (b) all interests in, securities of, claims against, or properties or contractual rights of any kind affording a source of influence over, any enterprise which the Defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section

---

[1] The Defendant was not charged in Counts Three through Six, Eleven, Twelve, Fifteen through Seventeen, and Nineteen of the Fifth Superseding Indictment.

1962; and (c) all property constituting, and derived from, any proceeds which the Defendant obtained, directly, and indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962(d);

WHEREAS, the Fifth Superseding Indictment also included a Firearm Forfeiture Allegation, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Fifth Superseding Indictment of any firearm or ammunition involved in, or used in, any knowing commission of the offense, including, but not limited to, the following:

a. one .22 caliber Sterling Model semi-automatic pistol, bearing serial number A14546;

b. twelve rounds of .22 caliber ammunition;

c. one .380 caliber Cobra Enterprises Model CA-380 semiautomatic pistol, bearing serial number CP033661;

d. one 9 millimeter Luger model semi-automatic pistol, bearing serial number P093088; and

e. one 9 millimeter Beretta model semi-automatic pistol, bearing serial number 889945, and eight rounds of Winchester brand ammunition

(collectively, the "Firearms");[2]

WHEREAS, the Fifth Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided

---

[2] The Fifth Superseding Indictment also included an Identification Fraud Forfeiture allegation, and a Drug Forfeiture Allegation, which is not applicable to the Defendant.

without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on July 28, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Fifth Superseding Indictment, pursuant to a written plea agreement that he signed on the same date;

WHEREAS, in Section 8 of the plea agreement, the Defendant acknowledged that, upon acceptance of his guilty plea, the Court would enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to the offenses to which he pled guilty;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Firearms and the offenses to which the Defendant pled guilty, and accordingly, the Firearms are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C. § 1963, 21 U.S.C. § 853, 18 U.S.C. § 924(d), 28 U.S.C. § 2641(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Firearms and the offense to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of the Defendant's interests in the Firearms are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 1963, 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2641(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Firearms and maintain them in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2641(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Firearms.

6. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2641(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Firearms to be forfeited.

7. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2641(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Firearms, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Firearms; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Firearms, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Firearms, any additional facts supporting

the petitioner's claim, and the relief sought.

8.      Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Firearms.

9.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 1963, 21 U.S.C. § 853, 18 U.S.C. § 924(d), 28 U.S.C. § 2641(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

F. DENNIS SAYLOR, IV
United States District Judge

Dated: _____